IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DIONNE L. PICKETT                                                      PLAINTIFF

v.                            CIVIL NO. 09-5090

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                       DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Dionne L. Pickett, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.**      **Procedural Background:**

Plaintiff protectively filed her applications for DIB and SSI on May 25, 2006, alleging an inability to work since October 23, 2005, due to a herniated disc in her neck, pain and depression. (Tr. 81, 224). An administrative hearing was held on January 28, 2008, at which Plaintiff appeared with counsel and testified. (Tr. 242-287).

By written decision dated June 27, 2008, the ALJ found that during the relevant time period Plaintiff had an impairment or combination of impairments that were severe. (Tr. 23).

Specifically, the ALJ found Plaintiff had the following severe impairments: disorder of the back and traumatic osteoarthritis of the cervical spine. However, after reviewing all of the evidence presented, she determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 23). The ALJ found Plaintiff retained the residual functional capacity (RFC) to lift and/or carry ten pounds frequently, twenty pounds occasionally; to sit/stand/walk for a total of six hours each in an eight-hour workday, thirty minutes continuously and with the allowance to alternate between sitting and standing; to occasionally reach overhead bilaterally; and to occasionally climb ramps and stairs, stoop, bend, crouch, crawl, kneel and balance. (Tr. 24). The ALJ found, secondary to pain and medication side effects, Plaintiff was restricted from driving as part of her work duties; could not climb scaffolds, ladders or ropes; and could not be exposed to unprotected heights or dangerous equipment and machines. With the help of a vocational expert, the ALJ determined Plaintiff could perform other work as a receptionist, a dispatcher and a switch board operator. (Tr. 27).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on March 25, 2009. (Tr. 3-6). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 4). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 7,8).

**II.    Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind

would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. McNamara v. Astrue, 590 F.3d 607, 610 (8th Cir. 2010).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see also 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal

AO72A
(Rev. 8/82)

an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. §§ 404.1520, 416.920.

### III.   Discussion:

Of particular concern to the undersigned is the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing her RFC. See Masterson v. Barnhart, 363 F.3d 731, 737 (8th Cir.2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004); Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003).

In the present case, the ALJ determined Plaintiff maintained the RFC to perform light work with limitations. In making this RFC determination, the ALJ found that the March 13,

2006, opinion of Seth Garner, D.C., Plaintiff's treating chiropractor for four months, was not supported by the record.[1] (Tr. 28). Rather, the ALJ gave weight to the January 23, 2008, Functional Capacity Evaluation (FCE) performed by Dion Dahlke, M.Ed., ATC/L, CFE. (Tr. 28, 198-212). The ALJ found Mr. Dahlke's report revealed the following:

> the claimant demonstrated the ability to perform work within the sedentary classification with all reaching activities with [the] right upper extremity at only the occasional level, poor tolerance to any degree of overhead work, and a change from sitting to standing and vice versa after 25-30 minutes of either activity.

(Tr. 28). However, the ALJ failed to discuss what evidence she used to deviate from Mr. Dahlke's opinion that Plaintiff could perform sedentary not light work activities as she found in Plaintiff's RFC. The ALJ also failed to address Mr. Dahlke's finding that Plaintiff's "low level of function with her RUE[2] does not allow her to work over the course of an entire 8 hour workday without frequent breaks." See Reeder v. Apfel, 214 F.3d 984, 988 (8th Cir.2000) (holding that the ALJ is not free to ignore medical evidence, rather must consider the whole record). (Tr. 199).

The court acknowledges that the record contains RFC assessments from non-examining, medical consultants opining Plaintiff can perform light work; however, these assessments are dated August 4, 2006, and January 8, 2007, respectively, over one year prior to the FCE allegedly relied upon by the ALJ. (Tr. 187-194, 197). These medical consultants were also not privy to almost one year of medical evidence revealing Plaintiff's continued complaints of pain. Given

---

[1] Dr. Garner opined that Plaintiff's prognosis was poor despite the improvement of her symptoms and clinical condition; that due to Plaintiff's continued muscle spasms, Plaintiff has had to alter the way she does things so as not to aggravate her pain and symptoms; and that due to the nature of her injuries Plaintiff must severely limit or restrict her activities so as not to exacerbate her condition.

[2] RUE stands for right upper extremity.

-5-

AO72A
(Rev. 8/82)

that the vocational expert testified that the need to take extra breaks would preclude employment (Tr. 284), we believe remand is necessary for the ALJ to discuss what medical evidence she used to deviate from Mr. Dahlke's opinion when she clearly stated she relied upon the FCE to determine Plaintiff's RFC.

While on remand, we strongly suggest the ALJ direct interrogatories to the physicians who have evaluated and/or treated Plaintiff asking the physicians to review Plaintiff's medical records; to complete a RFC assessment regarding Plaintiff's capabilities during the time period in question, and to give the objective basis for their opinions so that an informed decision can be made regarding Plaintiff's ability to perform basic work activities on a sustained basis during the relevant time period in question.

With this evidence, the ALJ should then re-evaluate Plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence.

**IV.  Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 19th day of March 2010.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)